# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2185

_____

Miguel Campos Carpio,                 *
                                      *
            Petitioner,               *
                                      *
      v.                              *   Petition for Review from the
                                      *   Board of Immigration Appeals.
                                      *
Michael B. Mukasey,                   *   [UNPUBLISHED]
Attorney General of the               *
United States,                        *
                                      *
            Respondent.               *

_____

Submitted:  November 12, 2007
Filed:  November 19, 2007

_____

Before MELLOY, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

      Miguel Campos Carpio, a Guatemalan citizen, petitions for review of a Board of Immigration Appeals (BIA) order, which affirmed an Immigration Judge's (IJ's) denial of Carpio's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).  We deny the petition.

      The IJ denied the asylum application as untimely because it was filed almost five years after Carpio's 1998 illegal entry into the United States.  We lack jurisdiction

to review the determination that Carpio's asylum application was barred as untimely filed. See 8 U.S.C. § 1158(a)(2)(B) (one year statute of limitations); Tolego v. Gonzales, 452 F.3d 763, 766 (8th Cir. 2006) ("[T]his court lacks jurisdiction to review either the IJ's determination that the asylum application was not timely filed or the Attorney General's decision rejecting the applicant's complaint of changed circumstances."). Also, because Carpio does not allege a legal error or a constitutional violation such as a denial of due process, his asylum claim does not fit within the limited jurisdictional grant contained in the REAL ID Act of 2005. See 8 U.S.C. § 1252(a)(2)(B), (D).

Having carefully reviewed the record, see Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review), we also deny Carpio's petition as to his withholding of removal and CAT claims. As the IJ noted, Carpio remained in Guatemala for eight years following his brother's alleged murder by a guerrilla group. Carpio did not testify that he had ever been subjected to any form of past persecution, and he claimed that he feared being killed only because his brother had been killed in 1990 and his father was presumed killed after leaving a guerrilla group in 1983. The IJ's finding that there was no past persecution based on a protected ground is supported by substantial evidence, and no reasonable factfinder would be bound to find that Carpio had a well-founded fear of future persecution or would be more likely than not intentionally subjected to torture. See Ming Ming Wijono v. Gonzales, 439 F.3d 868, 872 (8th Cir. 2006) (applicant seeking withholding of removal had burden to show clear probability of persecution; to overcome substantial-evidence review standard, applicant must show that no reasonable factfinder could fail to find requisite probability of persecution); Bernal-Rendon v. Gonzales, 419 F.3d 877, 879, 881 (8th Cir. 2005) (fear of torture by guerrilla forces, who are not government actors, will not support a claim for relief under CAT).

Accordingly, we deny the petition for review.

_____